IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

| In re:<br><br>KIMBERLY WHITEHURST<br><br>Debtor. | Case No. 16-17256-TJC<br>Chapter 11 |
|---|---|

**MOTION OF THE UNITED STATES TRUSTEE TO
DISMISS OR,  IN THE ALTERNATIVE, TO TRANSFER VENUE**

Judy A. Robbins, the United States Trustee for Region 4 ("United States Trustee"), by counsel, files this this Motion to Dismiss or, in the Alternative, to Transfer Venue and in support thereof would show the court as follows:

1. The Debtor commenced this case by the filing of a voluntary petition under Chapter 7 of the Bankruptcy Code on May 26, 2016.  Laura J. Margulies was appointed the Chapter 7 Trustee.

2. Pursuant to 28 U.S.C. §1408, a debtor may file a case under Title 11, (other than cases ancillary to foreign proceedings), in the district court for the district

> (1) in which the domicile, residence, principal place of business in the United states, or principal assets in the United States, of the person or entity that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or  for a longer portion of such one-hundred-and-eighty-day period than the domicile, residence, or principal place of business, in the United States, or principal assets in the United States, of such person were located in any other district; or
> (2) in which there is pending a case under title 11 concerning such person's affiliate, general partner, or partnership.

3. In this case, although the Petition states that the Debtor's residence is in Greenbelt, Maryland, the Debtor testified at the Section 341 meeting of creditors that she moved

1

to Virginia in November 2015 and has resided continuously in Virginia since that time. The Debtor does not reside in Maryland and has not resided in Maryland for the past 180 days.

    4.    All of the Debtor's property is located in Virginia. The Debtor does not have any property in Maryland.

    5.    The Debtor's creditors are scattered throughout many states.

    5.    The Debtor does not work in Maryland.

    6.    It appears that the Debtor filed this case was in the wrong judicial district. The Debtor should have filed her case in Virginia, not Maryland. Accordingly, pursuant to Fed. R. Bankr. Proc. 1014(a)(2)[1], this court should either dismiss this case, or transfer this case to the U.S. Bankruptcy Court in Virginia. *See, United States Trustee v. Sorrells (In re Sorrells)*, 218 B.R. 580, 586 (10th Cir. BAP 1998)(citing majority rule that if venue is contested and is found to be improper, a bankruptcy court cannot retain a case and must either dismiss or transfer it); *In re Handel*, 240 B.R. 798, 800 (1st Cir. BAP 1999)(accord).

---

[1] Fed. R. Bankr. Pro. 1014(a)(2) provides: "Case filed in Improper District. If a petition is filed in an improper district, on timely motion of a party in interest and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the case may be dismissed or transferred to any other district, if the court determines that transfer is in the interest of justice or for the convenience of the parties. "

WHEREFORE, the United States Trustee requests this court to dismiss this case, or in the alternative, to transfer the venue of this case to the U.S. Bankruptcy Court in Virginia, and for such other and further relief as is just.

Dated: August 16, 2016				**JUDY A. ROBBINS**
United States Trustee, Region 4

By Counsel

*/s/ Lynn A. Kohen*
Lynn A. Kohen, Bar Number 10025
Trial Attorney
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
(301) 344-8431 (fax)
E-mail: lynn.a.kohen@usdoj.gov

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 16, 2016, I served a true and correct copy of the foregoing Motion of the United States Trustee to Dismiss or, in the Alternative, to Transfer Venue by ECF notification upon the following Ronald Greene at rgreeneesq@aol.com, counsel for the Debtor.

*/s/ Lynn A. Kohen*
Lynn A. Kohen

3